FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 SEP -8 A 10: 18

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES BROWN,

   Petitioner,

vs.           CIVIL ACTION NO.: CV206-005

JOSE M. VASQUEZ, Warden,

   Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Brown ("Brown"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Brown filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

After a five (5) day jury trial in the Middle District of Georgia, Brown was convicted of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. Brown was sentenced to 360 months' imprisonment. Brown appealed, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. (Mem., p. 6.)

Brown filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The trial court denied his motion. The Eleventh Circuit denied his request fo file a second or successive § 2255 motion. Nonetheless, Brown filed another section 2255 motion, and the trial court denied this motion.

In the instant petition, Brown asserts that the offense conduct underlying his conviction occurred between 1986 and 1988 and that the retroactive application of the Sentencing Reform Act to his case violates the Ex Post Facto clause of the United States Constitution. Brown contends that he was convicted under 21 U.S.C. § 841(b)(1)(C) but sentenced pursuant to 21 U.S.C. § 841(b)(1)(A), which violated his constitutional rights.

Respondent avers that Brown's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Brown has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241. Second, Respondent contends that, to the extent that Brown's petition sets forth claims pursuant to Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), and United States v. Booker, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), these cases do not apply retroactively to cases on collateral review, and therefore, do not entitle Brown to his requested relief. (Mot., p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a motion collaterally attacking a conviction is filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.

2

§ 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[1]

Brown has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He asserts that the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his detention because circuit law in place at the time he filed his previous section 2255 motions foreclosed his requested relief. (Mem., p. 9.)

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir.

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

3

1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case sub judice.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Brown ostensibly bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Brown was sentenced in the Middle District of Georgia on October 30, 1991, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence[2]. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005.

---

[2] Brown does not inform the Court of an approximate date of the Eleventh Circuit's affirmation of his conviction and sentence. This information is unavailable via PACER, and a search on Westlaw could not confirm the date of the Eleventh Circuit's decision. However, based on the information available to the Court, Brown's conviction and sentence likely were affirmed before April 10, 1997, the date he filed his first § 2255 motion. (M.D. Ga. 5:97-cv-00116-WDO.)

4

AO 72A
(Rev. 8/82)

To allow Brown to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989).

Assuming, *arguendo*, that Brown was foreclosed on a previous occasion from making the same allegations as he does in the instant petition, Brown has failed to establish that his claims are based on a retroactively applicable Supreme Court decision. The trial court's denial of Brown's previously filed motions and the Eleventh Circuit's denial of his request to file a second or successive section 2255 motion do not render section 2255's remedy inadequate or ineffective. In short, Brown has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Accordingly, it is not necessary to address his actual innocence claim. See id. at n.3 (stating that, upon a showing that the savings clause applies to open the portal to a section 2241 proceeding, the proper inquiry in a § 2241 proceeding is whether the petitioner can establish actual innocence of the crime for which he was convicted).

Brown cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Brown is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

5

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 5) be **GRANTED**. Brown's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of September, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)