IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JAMES BROWN,

    Petitioner,

vs.

JOSE M. VASQUEZ, Warden,

    Respondent.

CIVIL ACTION NO.: CV206-005

## ORDER

United States Magistrate Judge James E. Graham entered a Report on September 8, 2006, wherein he recommended that Respondent's Motion to Dismiss be granted and that Petitioner James Brown's ("Brown") petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed. Magistrate Judge Graham advised Brown that he had ten (10) days to file Objections to the Report. Having received no Objections to the Report, the undersigned adopted the Magistrate Judge's Report as the opinion of the Court by Order dated October 3, 2006. Brown's petition was dismissed and the case was closed. However, Brown filed a Motion for Relief from Judgment in which he stated he did not receive a copy of the Magistrate Judge's Report and Recommendation. Magistrate Judge Graham directed the Clerk of Court to forward a copy of his September 8, 2006, Report to Brown and allowed Brown until November 15, 2006, to file any desired Objections to the Report and Recommendation. Brown has filed Objections.

AO 72A
(Rev. 8/82)

In his Objections, Brown asserts that the Magistrate Judge's Report must be rejected based on the case of I.N.S. v. St. Cyr, 533 U.S. 289, 121 S. Ct. 2271, 150 L. Ed. 2d 347 (2001). Brown contends that the Supreme Court made it "abundantly clear" in St. Cyr that "habeas jurisdiction under § 2241 was not repealed by" the Antiterrorism and Effective Death Penalty Act ("AEDPA"). (Obj., p. 2.) While this may be a correct statement of the Supreme Court's ruling in that case, Brown overlooks the fact that the Supreme Court found in St. Cyr that the AEDPA and the Illegal Immigration Reform and Immigrant Responsibility Act did not repeal habeas corpus jurisdiction, pursuant to § 2241, for aliens subject to a federal removal order. Brown also asserts that the Magistrate Judge erred by failing to reach his actual innocence claims based on Wyzykowski v. Dept. of Corrections, 226 F.3d 1213 (11th Cir. 2000). Wyzykowski answered the question of whether the statute of limitation period applicable to the AEDPA was violative of the Suspension Clause.

The cases Brown cites in support of his Objections are not applicable to the circumstances of his case. Brown's Objections are without merit. Brown's Motion for Relief from Judgment is **DENIED**. The undersigned's Order dated October 3, 2006 (Doc. No. 10), remains the Order of the Court.

**SO ORDERED**, this 8th day of Dec., 2006.

_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)